Oh, by the way, excuse me, Mr. Flores, I see you have represented this client under the Criminal Justice Act, so the court certainly would like to thank you for that. We know you do that as a service to the court and our system of justice. I find it a privilege, Your Honor. Twenty-eight years in the military teaches me that service is paramount as a citizen of the United States. Thank you very much. Good morning, Your Honor. It's Paul Mancino on behalf of the appellant, and I'd like to reserve three minutes if I may. All right. The only issue certified to this court for review is the issue of whether Mr. Bruce was denied due process concerning this carbon copy indictment. He was charged with counts of gross sexual imposition, and there are three things that I think are important in connection with the date. Alleging the indictment was almost a four-year range from November 20, 2001 to October 31, 2005. And the indictment only alleged sexual contact, which covers a whole range of different acts, you know, touching the breast, the buttocks, or any erogenous zone for the purpose of arousing sexual excitement. The third point involved in this case was there was also an indictment against the same young lady charging rape during the same period of time. Now, he was found not guilty of that. And rape sexual conduct under the Ohio law constitutes a number of things. It could be those type of events. None of the indictment alleged, you know, this specific conduct. The bill in particular didn't allege this specific conduct. The jury instructions gave the, you know, the definition constituting everything in connection with the case. But let me ask you, I mean, what is the U.S. Supreme Court case in your view that the Ohio courts unreasonably applied in this case? Well, the Ohio courts didn't allude to any Supreme Court case. All they said... Okay, but, I mean, what U.S. Supreme Court case is sort of flagrantly contradicted by the court, Ohio court's decision here? Well, I think it's Russell v. The United States, which was relied on in the Valentine case. But Russell's a Fifth Amendment case. Isn't that a problem for you in terms of whether that's clearly established authority for your, I think it's a Sixth Amendment argument here? Well, it really covers the same thing, I believe, the same issue. Because Russell was... But, you know, if we sort of casually make that, you know, equivalence, then sometimes we have a problem when the Supreme Court looks at it or something. I mean... Well, hopefully they won't... You can't just sort of swap amendments around, right, on habeas? Well, no, but you have due process. Russell was relied upon by this court in Valentine, which was, you know, I didn't do the habeas, but I had the trial in that particular case in Valentine, and they would review this issue concerning carbon copy indictments, which you have here, which alleges the same thing. You do not know what you were convicted of, what particular act. You have a whole range of dates. But that was true in Valentine. It was a pretty big window there, wasn't it? Yes, well, I think Valentine controls the issue in this case, and Valentine, in turn, relied upon Russell v. the United States. But Valentine said the large time window was okay in that case. I guess there was some other problem. Well, I think they said it was okay to the extent that they reduced it from multiple convictions to one. When it was in the district court level, I think all of the convictions were thrown out. When it came to this court, I think they said the multiple convictions for the same offense would be reduced to one, because obviously the jury agreed on one. And you have the same problem with this particular case that... I don't know what he was convicted of, what he was acquitted of. He was acquitted of a rape involving the same individual with the same time frame, which in the rape involves sexual conduct, in the gross sexual imposition involves sexual contact. And you have testimony all over the place concerning what did or what did not happen in this case. We do not know what particular act, particular date he was convicted of and sentenced on. Well, we did have time frames in this case that we didn't have in Valentine. I don't recall what the dates in Valentine were, but here you have almost, what, almost four years, four-year time frame. But in our case, there was testimony as to different residences in different time frames. And that wasn't the case in Valentine. Well, as I recall, I tried Valentine, not that I'm in it, but nobody thought those issues were proper. But Valentine, I believe everything was at the same home or same residence. Here we have two residences. Something happened in one county, something happened in another county. We don't know which one it was, which he was convicted of. And it seems to me, under the Sixth Amendment, you're entitled not only to know the date, you're entitled to know the cause of the accusation and nature, and just tracking the statute I don't think gives you sufficient constitutional notice of any sort. And I believe that Valentine controls this issue, it was decided by this court, and Valentine should apply here in connection with this case. Unless the court has other questions, I'll have a seat at the moment. Thank you. May it please the court, I am Hilda Rosenberg, representing the warden in this case. Deborah was a victim of sexual abuse at the hands of Daryl Bruce, a convicted sexual offender. The abuse spanned four years from late 2001 to 2005. He committed gross sexual imposition from the time this child was seven years old. At the trial, Deborah was only 13. There are two non-issues in this case. One is the sufficiency of evidence. Every judge that has reviewed this record has determined that there was sufficient evidence to support the three gross sexual imposition counts. Additionally, it is well established that broad timeframes and imprecise dates in sexual abuse cases are not constitutionally offended, and this court rightfully excluded that issue from this case. So the issue is, was the decision of the Ohio Court of Appeals an unreasonable application of clearly established Supreme Court law or contrary to that law? And to answer Judge Kethledge's question, the applicable law is found in Cole v. Arkansas or the Lankford case, which essentially says that you have the right to fair notice. Under the Sixth Amendment, you have the right to know the nature and cause of the accusation, and under due process requirements, you have the right to reasonable or fair notice. Very, very broad standards. And the Ohio Court of Appeals found in this case that there was sufficient notice for the defendant to enable him to present a defense. The court looked at the indictment, which specified the nature of the offense and the date of birth of the victim. The Court of Appeals also looked at the trial testimony, which delineated the different counts of gross sexual imposition. The testimony from the victim was separated by both the dates, which the mother provided in this case, and the four separate residences where the family either lived or visited the defendant. And in each case, the victim testified. For example, at the Bedford house, she said she was sitting on the couch in the living room watching a movie when the defendant touched her legs and vaginal area. The testimony was much more specific in this case than in the Valentine case. And the defendant received notice not only from the indictment and not only from the trial testimony, but in this case, there was a prior trial. So this lucky defendant had more notice than most in the sense that he sat through an entire trial, he heard the victim earlier, and he heard the mother testify, as they did in this case. And there was also discovery available. The prosecutor represented that he provided a bill of particulars in this case. There was discovery in the previous trial in the form of video interviews of the victims, which were provided to the defense. I believe they were provided again in the second trial. And, of course, the trial testimony, unlike in the Valentine case, delineated the different counts of gross sexual imposition. And Valentine is not the operative law in this case, because under the ADPA, only clearly established Supreme Court law is applicable. And Valentine is factually distinguishable, as the court has pointed out. There were multiple counts in Valentine. There was testimony of representative counts, which we don't have here. We have distinct testimony of certain incidents. And the court indicated in Valentine that if the prosecutor had, in fact, delineated the different counts and explained the evidence supporting them, that that would be a totally different case. And in terms of this defendant's ability to plead, acquittal, or conviction, the next time around, that really is a mood issue. The government has no intention of bringing another case of sexual abuse during the same time period against this particular defendant. And, in fact, in Valentine, the court indicated that the government couldn't do that. So there's a specific ruling in Valentine that says that, and the government would not have any interest in doing that. The district court in this case mentioned double jeopardy. You couldn't bring another prosecution, I was thinking. I'm sorry? I was thinking our district court commented on double jeopardy in this case. I think it was only alluded to in those decisions. I'll look. But I think it's clear that the government is not going to bring another case. And, in any event, there's no Supreme Court law that would say that you have to invalidate convictions on the basis of the possibility of double jeopardy as opposed to barring future prosecutions. So there's no precedent for that type of action. And, again, the Supreme Court has very clearly indicated in both the Lett case and the Parker case that we may not rely on circuit court precedent for ADPA review and only may rely on the Supreme Court precedent. And this defendant received the notice that he was entitled to under the fair notice requirements. And, in addition, I would note that the judge was very careful in his jury instructions to alert the jury that each of the counts is very distinctive and that each count had to be determined separately. And that can be found in the record at 12-11, page ID 1858 to 1859. So that served as a further safeguard that the jury was going to look at each count separately and make its decision based on the evidence. I would also point out, as Judge Ketledge had indicated, that the Russell case is a Fifth Amendment case and we are dealing here with the Sixth Amendment. And the reason that, as I read Valentine, that Valentine relied on the Russell case, which it could not do today, was because the Valentine court looked at circuit court precedent and circuit court decisions, which indicated that Russell was applicable. And after all the case law that came out of the Supreme Court, the Lett, again, and Parker case, which happened after Valentine, this court could not do that to pull in the Russell case. They could not rely on circuit court decisions to apply Russell. If the court has any other questions? Apparently not. Okay. Thank you. Thank you very much. Any rebuttal? Just a couple of points I'd like the court to consider in connection with this case. Number one, Ms. Rosenberg alludes to the fact this was a second trial, but the unfairness of the second trial was that the court, number one, would not give us a transcript, would not even let us use the transcript that the prosecutor had in front of him to examine these witnesses. Not that he was entitled to a copy of the transcript. We were entitled to use the transcript that the prosecutor had sitting on the desk, which the court would not allow in this case. But going back to the Valentine case, that only involved a period of time of approximately ten months from March 1st, 1995, to January 16th, 1996. And in this case, we have almost a four-year period, which starts at the birth date of the individual, November 20th, 1994. When the young lady was asked, did anything happen on your birthday in 2001, she says nothing happened that particular day. And that's where the indictment starts. So how you can defend these cases is almost impossible. I think the Sixth Amendment requires that you're entitled to know the nature and cause of the accusation. He was not allowed this. And I think based on Valentine, he's entitled, this case should be reversed. Thank you. Thank you. The case will be submitted.